UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SOLEY DAVIS, JUAN PABLO CHAVEZ )
CALLAU, LUIS CESAR DAVID )
CARBAJAL, EDUARDO E CERRUD, )
JORGE ESTEBAN SUAREZ ACOSTA, )
JULIANA DELANCEY TRIVINO, )
BARBARA LISBETTY RODRIGUEZ )
ROJAS, BRANKO TOMICIC and all others )
similarly situated under 29 U.S.C. 216(B), )
)
        Plaintiffs, )
  vs. )
)
MILANEZZA, LLC )
MAXIMILIANO D WAICMAN )
MARCOS MORENO, )
)
        Defendants. )
_____)

**COMPLAINT UNDER 29 U.S.C. 201- 216 MINIMUM WAGE VIOLATIONS AND BREACH OF CONTRACT**

Plaintiffs, SOLEY DAVIS, JUAN PABLO CHAVEZ CALLAU, LUIS CESAR DAVID CARBAJAL, EDUARDO E CERRUD, JORGE ESTEBAN SUAREZ ACOSTA, JULIANA DELANCEY TRIVINO, BARBARA LISBETTY RODRIGUEZ ROJAS, and BRANKO TOMICIC on behalf of themselves and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, file this Complaint against Defendants, MILANEZZA, LLC, MAXIMILIANO D WAICMAN, and MARCOS MORENO, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant MILANEZZA, LLC is a limited liability company that regularly transacts business within Dade County. Upon information and belief, the Defendant Company was the

FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant MAXIMILIANO D WAICMAN is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant MARCOS MORENO is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL MINIMUM WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. Plaintiff SOLEY DAVIS worked for Defendants as a waitress from on or about August 10,

2013 through on or about the present and ongoing.

10. Plaintiff JUAN PABLO CHAVEZ CALLAU worked for Defendants as a waiter from on or about March 11, 2013 through on or about the present and ongoing.

11. Plaintiff LUIS CESAR DAVID CARBAJAL worked for Defendants as a busser/food runner from on or about March 11, 2013 through on or about the present and ongoing.

12. Plaintiff EDUARDO E CERRUD worked for Defendants as a server from on or about March 11, 2013 through on or about the present and ongoing.

13. Plaintiff JORGE ESTEBAN SUAREZ ACOSTA worked for Defendants as a bartender from on or about March 11, 2013 through on or about the present and ongoing.

14. Plaintiff JULIANA DELANCEY TRIVINO worked for Defendants as a bartender from on or about March 11, 2013 through on or about November 15, 2013.

15. Plaintiff BARBARA LISBETTY RODRIGUEZ ROJAS worked for Defendants as a server from on or about August 10, 2013 through on or about December 20, 2013.

16. Plaintiff BRANKO TOMICIC worked for Defendants as a busser from on or about July 3, 2013 through on or about the present and ongoing.

17. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor

Standards Act applies to Plaintiffs' work for the Defendants.

18. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

19. Upon information and belief, the Defendant Company had gross sales or business done in excess of $500,000 annually for the years 2012 and 2013.

20. Upon information and belief, the Defendant Company's gross sales or business done is expected to exceed $500,000 for the year 2014.

21. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

22. From on or about July 15, 2013 through on or about November 15, 2013, Defendants deducted approximately 20-30% of earned tips from Plaintiffs' pay and retained that significant percentage for their business. For all other times before and after this period, Defendants imposed a 6% charge on all of Plaintiffs' tips: 3% was a general charge for broken dishes and another 3% was for credit card payments. The percentage charged to Plaintiffs for credit card payments was higher than what the credit card companies themselves charge to process said payment.

23. Additionally, Plaintiffs were never informed about the tip credit.

24. Between on or about August 10, 2013 through on or about the present and ongoing, Plaintiff SOLEY DAVIS worked an average of 40 hours a week for the Defendants. Plaintiff was paid

$4.77/hr for said work in violation of the Fair Labor Standards Act as said payment of $4.77/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $4.77/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

25. Between on or about March 11, 2013 through on or about the present and ongoing, Plaintiff JUAN PABLO CHAVEZ CALLAU worked an average of 40 hours a week for the Defendants. Plaintiff was paid $4.77/hr for said work in violation of the Fair Labor Standards Act as said payment of $4.77/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $4.77/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

26. Between on or about March 11, 2013 through on or about the present and ongoing, Plaintiff LUIS CESAR DAVID CARBAJAL worked an average of 30 hours a week for the Defendants. Plaintiff was paid $6.00/hr for said work in violation of the Fair Labor Standards Act as said payment of $6.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $6.00/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

27. Between on or about March 11, 2013 through on or about the present and ongoing, Plaintiff EDUARDO E CERRUD worked an average of 25 hours a week for the Defendants. Plaintiff was paid $4.77/hr for said work in violation of the Fair Labor Standards Act as said payment of $4.77/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $4.77/hr and

the applicable minimum wage rate of $7.25/hr for all hours worked.

28. Between on or about March 11, 2013 through on or about the present and ongoing, Plaintiff JORGE ESTEBAN SUAREZ ACOSTA worked an average of 40 hours a week for the Defendants. Plaintiff was paid $4.44/hr for said work in violation of the Fair Labor Standards Act as said payment of $4.44/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $4.44/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

29. Between on or about March 11, 2013 through on or about November 15, 2013, Plaintiff JULIANA DELANCEY TRIVINO worked an average of 21 hours a week for the Defendants. Plaintiff was paid $4.77/hr for said work in violation of the Fair Labor Standards Act as said payment of $4.77/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $4.77/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

30. Between on or about August 10, 2013 through on or about December 20, 2013, Plaintiff BARBARA LISBETTY RODRIGUEZ ROJAS worked an average of 35 hours a week for the Defendants. Plaintiff was paid $4.77/hr for said work in violation of the Fair Labor Standards Act as said payment of $4.77/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $4.77/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

31. Between on or about July 3, 2013 through on or about the present and ongoing, Plaintiff

BRANKO TOMICIC worked an average of 35 hours a week for the Defendants. Plaintiff was paid $5.50/hr for said work in violation of the Fair Labor Standards Act as said payment of $5.50/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $5.50/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

32. The Defendants wage payment practices to Plaintiffs for this time period did not meet the federal minimum wage law requirements as Plaintiffs were not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

33. Defendants willfully and intentionally refused to pay Plaintiffs' minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, Plaintiffs request double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiffs' entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury*.

## COUNT II. BREACH OF CONTRACT

COME NOW PLAINTIFFS, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-33 above and further state:

34. This Court has jurisdiction for Plaintiffs' breach of contract claim under the Court's Supplemental Jurisdiction. 28 USC 1367.

35. During the relevant time period that Plaintiffs worked for Defendants, at the time the Plaintiffs agreed to the employment with Defendants, Plaintiffs were told by Defendants that the Plaintiffs could keep all their tips.

36. As noted previously in paragraph 22, Defendants illegally retained significant portions of Plaintiffs' tips.

37. Plaintiff SOLEY DAVIS approximates that $2,500 in her tips was illegally retained by Defendants during the relevant time period.

38. Plaintiff JUAN PABLO CHAVEZ CALLAU approximates that $2,500 in his tips was illegally retained by Defendants during the relevant time period.

39. Plaintiff LUIS CESAR DAVID CARBAJAL approximates that $2,500 in his tips was illegally retained by Defendants during the relevant time period.

40. Plaintiff EDUARDO E CERRUD approximates that $2,500 in his tips was illegally retained by Defendants during the relevant time period.

41. Plaintiff JORGE ESTEBAN SUAREZ ACOSTA approximates that $2,500 in his tips was illegally retained by Defendants during the relevant time period.

42. Plaintiff JULIANA DELANCEY TRIVINO approximates that $2,500 in her tips was illegally retained by Defendants during the relevant time period.

43. Plaintiff BARBARA LISBETTY RODRIGUEZ ROJAS approximates that $2,500 in her

tips was illegally retained by Defendants during the relevant time period.

44. Plaintiff BRANKO TOMICIC approximates that $2,500 in his tips was illegally retained by Defendants during the relevant time period.

45. Defendants, however, have not paid each Plaintiff any of the tip money that Defendants have retained from Plaintiffs.

46. Plaintiffs had performed all duties under the contract, and as such Defendants have breached said contract.

47. Defendants breached the oral contract with Plaintiffs and Plaintiffs have been damaged.

Wherefore, Plaintiffs request all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the breach of oral contract, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
     J.H. Zidell, Esq.
     Florida Bar Number: 0010121